FREDERICK B. HEAD, Plaintiff in Error, *v.* CHARLES T. BOGUE and JOHN L. WILSON, Defendants in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

An agent, acting under power of attorney, is a competent witness to prove that his principal ratified a sale made by such agent.

THIS was an action of replevin for two iron safes. The declaration contains one count in the detinet.

The pleas filed were—

1st. Non-detinet. 2nd. Not the property of the plaintiff. 3rd. Property of John M. Farnum.

Issues were tried by the court, J. M. WILSON, Judge, presiding, who found for the defendant.

It was admitted by defendants that the property in question was in possession of defendants at the time the writ of replevin was served in this case, under a distress warrant issued by Caroline E. Couch and others, against said Farnum, which was levied 6th day of May, A. D. 1857, which was after the bill of sale hereinafter referred to.

Plaintiff then read the following bill of sale :

No. 159 SOUTH WATER STREET,
*Chicago,*     185

Mr. FRED. W. HEAD, in account with JOHN M. FARNUM.

1857.   March 28.  By Cash.....................................200.
        April,       Paid drayage, 10.50, and sund's, 3.50............ 14.
        May 1.       Expenses to Dubuque......................... 42.45
                             Balance due........................156.27
                                                            ————
                                                            $412.72

To 1 large Safe.............. ........................$300.
   1 Fire King....................................... 112.72   $412.72
Settled as above, May, 1857.

JOHN M. FARNUM,

By HORATIO PAGE, his Attorney.

*Horatio Page* testified that he executed the above bill of sale as the attorney in fact of John M. Farnum, about May 1st, 1857, and that the plaintiff at that time took possession of one set of keys of said safe ; the other was in the possession of a brother of Farnum's, who was a clerk in the store ; that at that time said Farnum was indebted to the plaintiff $412.72, for money advanced and services rendered by plaintiff for said Farnum ; that the safes were turned out by me in satisfaction of said indebtedness ; and that sum was a reasonable and fair price for the safes. Said bill of sale was executed under the written powers of attorney, which were then offered in evidence, and which are set out in the opinion of the court.

Said Page further testified, that by virtue of these powers of attorney he made sale of the safes. That at the time of said sale, Farnum was absent from Chicago at New York. That Farnum was not a dealer in safes, and they had been used by him in keeping the books of the store, but at the time of the sale they were not so used. They were in the store, and there may have been some books put in one of them. Farnum had failed in business, and the safes were left in the store where he had previously done business.

. The plaintiff then offered to prove by said Page, that upon the return of Farnum to Chicago, that he stated to said Farnum he had sold the safes to the plaintiff, and that said Farnum made no objection to such sale, or questioned his power to make the sale, and that no objection has been made since the said sale and delivery to plaintiff by said Farnum.

To which testimony the defendant objected, which objection was sustained.

The court found the issue for the defendant, on which finding the plaintiff excepted. The plaintiff moved for a new trial, which motion was overruled.

The following assignment of errors is made :

The court below should have found the issues on the evidence for the plaintiff, and rendered judgment for the plaintiff.

The court erred in deciding questions of law during the trial of said cause, and excluded proper evidence.

The judgment below should have been for the plaintiff instead of the defendant.

The court erred in overruling the motion for a new trial.

SHUMWAY, WAITE & TOWNE, for Plaintiff in Error.

BECKWITH, MERRICK & CASSIN, for Defendants in Error.

CATON, C. J.   These safes originally belonged to Farnum, who was indebted to Couch for rent, for which they were distrained. The whole case depends upon the question whether Page had authority from Farnum to sell the safes to Head.   Farnum, a merchant in Chicago, went East and left his business in charge of Page under the following powers of attorney :

" KNOW ALL MEN BY THESE PRESENTS, That I, John M. Farnum, of Chicago, in the county of Cook, and State of Illinois, do hereby make, constitute and appoint Horatio Page, of said Chicago, to be my true and lawful attorney, with full power and authority for me, and in my name and stead, to sell, transfer and arrange any and all notes, accounts, choses in action, or other evidence of debt now due me, for such prices and considerations, and to such persons, my creditors or others, or to pledge the same as security for any indebtedness, in such manner as to my attorney shall seem fit, hereby giving my said attorney full power and authority to bind me fully in the premises.   This power is intended to be in addition to that given my said attorney by deed, dated the 9th day of March, A. D. 1857."

Also the following :

" KNOW ALL MEN BY THESE PRESENTS, That we, John M. Farnum, of Chicago, in the county of Cook, and State of Illinois, and Anna D. Farnum, wife of the said John M. Farnum, do hereby make, constitute and appoint Horatio Page, of Milwaukee, in the State of Wisconsin, to be our true and lawful attorney, with full power and authority for us and in our name and stead, and as our act and deed, to enter into and take possession of all such lands, tenements and real estate whatever in the State of Illinois, wherever in said State the same may be situated, to or in which we are in any way entitled or intrusted, and to grant, bargain, sell and convey the same, or any part or parcel thereof, for such sum, price or consideration, and on such terms of payment as to him, the said Page, shall seem meet, and for us and in our names, to make, execute, acknowledge and deliver to the purchaser or purchasers thereof, good and sufficient deed or deeds and conveyances for the same, either with or without covenants and warranty on the part of the said John M. Farnum, and until the sale thereof, to let and demise the said real estate for the best rent that can be procured for the same, and to ask, demand, distrain for, collect, recover, receive, and receipt for all sums of money which shall become due and owing to us, or either of us, by means of such bargain, sale and conveyance, lease and demise.

Head *v.* Bogue et al.

" And I, the said John M. Farnum, do also hereby make, constitute and appoint the said Page to be my true and lawful attorney, in my name and stead, to manage, conduct, and carry on my business, at No. 159 South Water street, in said Chicago, to receive, sell, and vend all and every of the goods, wares and merchandize, which are now in, or which I may hereafter put into my said store and business, and to do any and everything in relation to my business in said store, which to my said attorney shall seem meet and proper for my interest. Also to make, execute, sign and deliver for me, and in my name, all bills, notes, drafts or instruments in writing whatsoever, which shall be proper or necessary in carrying on and managing my said business; to demand, collect, receive and receipt for all demands or debts due me, and to commence any legal proceedings therefor which my said attorney may deem necessary in the execution of the powers herein granted, hereby giving my said attorney full power and authority to do and perform all and every act and deed of whatsoever name or nature, legally appertaining to the same, binding me as firmly and irrevocably by such acts and deeds as if I were personally present consenting thereto. We, the said John M. Farnum and Anna D. Farnum, hereby ratifying and confirming all that our said attorney shall lawfully do, or cause to be done, by virtue hereof.

In witness whereof, we have hereto set our hands and seals this ninth day of March, A. D. 1857.

JOHN M. FARNUM.  [SEAL.]<br>ANNA D. FARNUM.  [SEAL.]

Attest:    C. N. HOLDEN,
           WM. T. HANCOCK."

"KNOW ALL MEN BY THESE PRESENTS, That I do hereby make, constitute and appoint Horatio Page to be my true and lawful attorney, for me, and in my name, place and stead, to transact any and all mercantile business on my part and behalf, to purchase and sell for me any stocks or stock of goods upon such terms as he may deem most for my interest. Intending hereby to empower the said Page to manage my mercantile matters in the city of Chicago, during my absence, as fully as I could do were I present myself; hereby reserving the right to revoke these presents at pleasure.

Witness my hand and seal, this 7th day of March, 1857, at the city of Chicago.

JOHN M. FARNUM.  [SEAL.]"

During Farnum's absence, Head presented to Page a bill against Farnum, for $412.72, a part of which had been incurred under Page's administration, after Farnum had executed these powers of attorney. Page sold the safes to Head in satisfaction of the bill, which was accordingly receipted, one set of the keys delivered to Head, and the safes left in the store for the present. The safes had been procured by Farnum for the use of the store, and not as articles of merchandize. Farnum returned while the safes were still there, and was informed of the sale by Page, and made no objections, as the plaintiff offered to prove by the testimony of Page, but this evidence the court ruled out.

In this state of affairs, the safes were seized on the distress warrant. We cannot doubt that under these powers of attorney and especially the last, Page was authorized to sell these safes,

and transfer a good title to them, from Farnum to the purchaser. It is true, that Farnum's regular business was not dealing in safes, yet the broad language in these powers of attorney, was sufficient to authorize him to dispose of a desk, or chair, or safe, which had been procured for the use of the store, but for which there was no longer occasion for the accommodation of the business. There was no appearance of fraud or unfairness in the transaction. It was evidently conducted in good faith and with a view to promote the interest of his principal. But if there were doubts, as to the extent of the original authority to make the sale, the evidence offered should have been admitted, to prove a subsequent ratification of it by Farnum. Upon his return he was advised of the sale, and he made no objection to it. This of itself, afforded strong evidence that he approved of what Page had done, and thus ratified it.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*